NO. 8124.

JOHN LAWRENCE

VS

AMERICAN BREWING CO.

**8124**

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

Court of Appeal
PARISH OF ORLEANS
FILED OCT 17/21

**8124**

## OPINION.

By his Honor John St. Paul.

Plaintiff was sitting on the deck of a ferry boat, at her landing, and out of the way of vehicles. An automobile truck, operated by defendant's driver, came rapidly down the incline and ran into the side of the ferry; whereby plaintiff was injured.

### I.

As the boarding of a ferryboat by an automobile truck is usually accomplished with safety to both truck and ferryboat, it follows that something out of the usual order happened that day. And the witnesses agree unanimously in this; That the driver lost control of the truck in its descent along the incline which runs from the landing to the ferryboat; but they disagree as to the cause of his losing control.

Plaintiff's witnesses testify that the truck was heavily loaded; that although the driver attempted to apply the brakes he did not succeed in checking the truck; that the wheels continued to revolve during the entire descent; that the incline was not wet or slippery; and the truck did not skid or slide, but rolled down the incline.

Defendant's platform man testified that the truck was

113

not loaded beyond capacity; its mechanic testified that the brakes on the truck were in good order;; and its driver testified that he applied the brakes and that the wheels locked, but the truck skidded or slid down the incline because of the wet and slippery condition thereof.

The trial judge, who saw and heard the witnesses, thought there was a clear preponderance of evidence showing that the incline was not wet and slippery; that the wheels of the truck did not lock; that the truck did not skid or slide down the incline, but rolled down; and we think so too. He also thought, and we do also, that under the circumstances it was immaterial whether the brakes were or were not in good mechanical order; since it is a self evident fact that even if in good order they did not suffice to hold the heavy vehicle in its descent, along the incline, as they should have done.

## II.

Admittedly plaintiff lost $46 in wages and paid $56.50 to Doctors and Druggists. He was also badly bruised and lacerated; was detained at home ten days and suffered severe pains for some time afterwards. But the evidence does not satisfy us either that his injuries are of a permanent nature or that they tend to incapacitate him to any

114.

appreciable extent. We think that $ 700°° for his sufferings and $102.50 will fully compensate him for his injuries.

The judgment appealed from is therefore amended by reducing the amount allowed plaintiff to $ 802°° with interest etc; and as thus amended it is affirmed. Plaintiff to pay costs of appeal.

Dinklespiel, J. takes no part